UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANN GILMORE, as Personal
Representative of the Estate of
Hercules Gilmore, Jr.,

           Plaintiff,

v                                 CASE NUMBER_____

HONESTY OCEAN SHIPPING
CORP., as owner and TOSCO
KEYMAX INTERNATIONAL SHIP
MANAGEMENT CO., LTD., as
Owner *pro hac vice* of M/V HONESTY
OCEAN, its engines, tackle, apparel, etc.,

           Defendants.

_____/

## COMPLAINT OF JOANN GILMORE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HERCULES GILMORE, JR.

      JoAnn Gilmore, as Personal Representative of the Estate of Hercules Gilmore, Jr., Plaintiff, as and for her claim against Honesty Ocean Shipping Corp., as owner, and Tosco Keymax International Ship Management Co., Ltd., as owner *pro hac vice* of M/V HONESTY OCEAN, Defendants, in a civil cause, alleges upon information and belief as follows:

### Parties

      1.     At all times material hereto, Joann Gilmore was a resident and/or citizen of the State of Florida, residing in St. Petersburg, Pinellas County, Florida.

      2.     Prior to the commencement of this action, JoAnn Gilmore was duly appointed as personal representative of the Estate of Hercules Gilmore, Jr., deceased, and is otherwise competent to bring this action.

3.      At all times material hereto, Honesty Ocean Shipping Corp. was a foreign corporation, organized and existing under the laws of a foreign country, maintaining an office and/or carrying on business in the Port of Tampa, Florida and was the owner, operator, charterer, and/or otherwise in control of M/V HONESTY OCEAN

4.      At all times material hereto, Tosco Keymax International Ship Management Co., Ltd. was a foreign corporation, organized and existing under the laws of a foreign country,  maintaining an office and/or carrying on business in the Port of Tampa, Florida and was the owner, operator, charterer, owner *pro hac vice* and/or otherwise was in control of M/V HONESTY OCEAN.

5.      At all times material hereto M/V HONESTY OCEAN was a commercial cargo vessel which loaded and discharged cargo in the Port of Tampa, Florida.

## Jurisdiction

6.      Plaintiff brings her complaint under federal diversity jurisdiction in accordance with 28 U.S.C.A. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## Facts

7.      Prior to and on October 23, 2012, Plaintiff's decedent, Hercules Gilmore, Jr. was employed in the Port of Tampa as a longshoreman to provide labor and services for the loading and discharge of commercial cargo vessels, including M/V HONESTY OCEAN.

8.      On or about October 23, 2012, while M/V HONESTY OCEAN was afloat in the navigable waters in the Port of Tampa, Florida, Plaintiff's decedent, Hercules Gilmore, Jr., was employed onboard said vessel in the capacity of a longshoreman.

9.      On October 23, 2012, as aforesaid, while Plaintiff's decedent, Hercules Gilmore, Jr., was carefully, properly, and prudently engaged in the performance of his duties on M/V HONESTY OCEAN, he suddenly and without any notice or warning, was killed when a sling lifting steel pipe cargo being discharged from the vessel's hold failed, causing the steel pipe to drop into the hold and crush Hercules Gilmore, Jr.

10.     This action for the wrongful death of Plaintiff's decedent, Hercules Gilmore, Jr., is brought in accordance with the provisions of the Longshore and Harbor Workers Compensation Act, 33 U.S.C.A. § 905 and 33 U.S.C.A. § 933, and to recover for the estate of Plaintiff's decedent, Hercules Gilmore, Jr., and his survivors/beneficiaries, all wrongful death damages allowable under the Longshore and Harbor Workers Compensation Act and/or the general maritime law of the United States.

11.     The potential beneficiaries of recovery for the wrongful death of Plaintiff's decedent, Hercules Gilmore, Jr., as aforesaid are the Estate of Hercules Gilmore, Jr., and JoAnn Gilmore, the spouse of Plaintiff's decedent, Hercules Gilmore, Jr., who was wholly or partially dependent on Plaintiff's decedent, Hercules Gilmore, Jr., for support or services, and all such beneficiaries are party to this claim and claim the fullest recovery allowed by law.

## COUNT I – Negligence/Breach of Turnover Duty

12.     JoAnn Gilmore, as Personal Representative of the Estate of Hercules Gilmore, Jr., reaffirms and realleges the allegations contained in Paragraphs 1 through 11 above as fully as if set out herein.

13.     Prior to and at the time cargo discharge work began on M/V HONESTY OCEAN on October 23, 2012, M/V HONESTY OCEAN and its owners, charterers, and

operators were under a duty to exercise reasonable care to turnover a safe vessel, equipment, and work space, so that a competent stevedore could safely perform the required cargo discharge operations.  This turnover duty includes, but is not limited to, a duty to warn the stevedore/longshoreman of any hazards or hidden defects or deficiencies in the vessel, the vessel's cargo discharge gear, the stowage or securing of the cargo to be discharged, and/or any faulty machinery, equipment or gear necessary for or intended to be used during the cargo discharge operations.

14.     M/V HONESTY OCEAN, Honesty Ocean Shipping Corp. and/or Tosco Keymax International Ship Management Co., Ltd. breached their turnover duty in that the work space, equipment, cargo discharge gear, including but not limited to the cargo discharge slings, and the steel pipe cargo stowed in the vessel's hold were not in a safe condition, but instead were unreasonably dangerous, defective and/or not in a condition suitable for safe cargo discharge operations, which condition jeopardized the safety of the longshoremen, including Plaintiff's decedent, Hercules Gilmore, Jr.

15.     As a result of the Defendants' and vessel's breach of their turnover duty of safe condition, Plaintiff's decedent, Hercules Gilmore, Jr., was killed when a cargo sling failed while lifting a load of steel pipe cargo from the vessel's hold, causing the pipe cargo to fall into the hold and crush Plaintiff's decedent, Hercules Gilmore, Jr.

16.     That as a direct and proximate result of Defendants' and the vessel's negligent breach of duty, Plaintiff's decedent, Hercules Gilmore, Jr., was killed and his Estate and survivor suffered damages.

WHEREFORE, JoAnn Gilmore, as Personal Representative of the Estate of Hercules Gilmore, Jr. requests that judgment be entered against Defendants on the claims and for the damages hereinabove alleged, which damages should be allowed in full, with pre-judgment interest and costs.

### COUNT II – Negligence/Active Involvement Duty

17.     JoAnn Gilmore, as Personal Representative of the Estate of Hercules Gilmore, Jr., reaffirms and realleges the allegations contained in Paragraphs 1 through 11 above as fully as if set out herein.

18.     Prior to and during the discharge of cargo from M/V HONESTY OCEAN in the Port of Tampa on October 23, 2012, as aforesaid, M/V HONESTY OCEAN, its master, officers and crew, and Honesty Ocean Shipping Corp. and/or Tosco Keymax International Ship Management Co., Ltd. had a duty to exercise care to avoid exposing longshoremen, including but not limited to Plaintiff's decedent, Hercules Gilmore, Jr., from harm from hazards the longshoremen might encounter in areas, or from equipment, apparel, or appurtenances of the vessel, including cargo discharge gear, under the active control of the vessel during the stevedore operations.

19.     On October 23, 2012, M/V HONESTY OCEAN and/or Defendants breached their duty with respect to active involvement/control over cargo operations in that cargo discharge slings visibly defective and unsuitable for use in discharging the steel pipe cargo were in use in an area of the vessel where the vessel's crew and/or Defendants were actively involved and/or controlling the discharge operations, and as a result of this breach of duty, Plaintiff's decedent, Hercules Gilmore, Jr., was killed when a cargo sling parted while lifting

a load of steel pipe cargo from the vessel's hold, causing the steel pipe to drop into the vessel's hold and crush Plaintiff's decedent, Hercules Gilmore, Jr.,

20.    That as a direct and proximate result of Defendants' and the vessel's negligent breach of duty, Plaintiff's decedent, Hercules Gilmore, Jr., was killed and his estate and survivors suffered damages.

WHEREFORE, JoAnn Gilmore, as Personal Representative of the Estate of Hercules Gilmore, Jr. requests that judgment be entered against Defendants on the claims and for the damages hereinabove alleged, which damages should be allowed in full, with pre-judgment interest and costs.

### COUNT III – Negligence/Duty to Intervene

21.    JoAnn Gilmore, as Personal Representative of the Estate of Hercules Gilmore, Jr., reaffirms and realleges the allegations contained in Paragraphs 1 through 11 above as fully as if set out herein.

22.    During the discharge of cargo from M/V HONESTY OCEAN in the Port of Tampa on October 23, 2012, as aforesaid, the vessel, its master, officers and crew and Defendants, had a duty to intervene in the stevedoring operation when the vessel and/or the Defendants had actual notice of the dangerous condition of the cargo sling and/or that the defective cargo sling was being used to discharge steel pipe from the vessel's hold, and that the stevedore employed to discharge the cargo from the vessel was not acting to protect its employees, including but not limited to Plaintiff's decedent, Hercules Gilmore, Jr., from the dangerous condition of using a defective sling to discharge steel pipe cargo from the vessel's hold.

23. As a result of the vessel and/or Defendants' breach of their duty to intervene, Plaintiff's decedent, Hercules Gilmore, Jr., was killed when a cargo sling lifting a load of steel pipe cargo from the vessel's hold failed, causing the steel pipe to fall into the vessel's hold and crush Plaintiff's decedent, Hercules Gilmore, Jr.,

24. That as a direct and proximate result of Defendants' and the vessel's negligent breach of duty, Plaintiff's decedent, Hercules Gilmore, Jr., was killed and his Estate and survivors suffered damages.

WHEREFORE, JoAnn Gilmore, as Personal Representative of the Estate of Hercules Gilmore, Jr. requests that judgment be entered against Defendants on the claims and for the damages hereinabove alleged, which damages should be allowed in full, with pre-judgment interest and costs.

### Jury Demand

Plaintiff hereby demands trial by jury on all issues so triable.

Dated this 17th day of October, 2014.

Respectfully submitted,

_David F. Pope_

David F. Pope - FBN: 164452
Eric C. Thiel – FBN: 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
E-mail: service-dpope@bankerlopez.com
service-ethiel@bankerlopez.com

Attorneys for Plaintiff, JoAnn Gilmore