**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOANN GILMORE, as Personal Representative of the Estate of Hercules Gilmore, Jr.,

Plaintiff,

vs. CASE NO. 8:14-cv-2633-T-35JSS

HONESTY OCEAN SHIPPING CORP., as owner, M/V HONESTY OCEAN and TOSCO KEYMAX INTERNATIONAL SHIP MANAGEMENT CO., LTD., as owner *pro hac vice* of M/V HONESTY OCEAN, its engines, tackle, apparel, etc.,

Defendants.
________________________________________/

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND TRIAL ON DAMAGES**

Joann Gilmore, as Personal Representative of the Estate of Hercules Gilmore, Jr., Plaintiff, moves the Court for a judgment by default against Honesty Ocean Shipping Corp., as owner of M/V HONESTY OCEAN and Tosco Keymax International Ship Management Co., Ltd. as owner *pro hac vice* of M/V HONESTY OCEAN, Defendants in the above-captioned civil action and for a trial to determine the amount of Plaintiff's damages.

**MEMORANDUM IN SUPPORT OF MOTION**

Plaintiff's Motion for Default Judgment and trial on damages is made in accordance with Rule 55(b)(2) Federal Rules of Civil Procedure, and Local Rule 3.01(a). Plaintiff respectfully requests that a trial on damages be set for a date to be determined, at which time Plaintiff intends to present live testimony from Plaintiff and other witnesses.

Plaintiff's Complaint (Doc 1) sets forth specific allegations of Defendant's liability under general maritime law and the provisions of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 910 et seq., for the fatal injuries sustained on September 23, 2012 by Plaintiff's Decedent, her husband, Hercules Gilmore, Jr., while employed as a longshoreman on Defendant's vessel which, on September 23, 2012, was docked in the Port of Tampa. This Court has jurisdiction over this action under federal diversity jurisdiction in accordance with 28 U.S.C.A. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

As detailed in the Complaint, Plaintiff requests compensatory damages in this matter as permitted by the general maritime law of the United States and the provisions of the Longshore and Harbor Workers Compensation Act. Orders of default as to Defendants have already been entered by the Clerk in accordance with Rule 55(a), Federal Rules of Civil Procedure (Docs. 17 and 18). As Plaintiff's damages are not for a sum certain or an amount that can be made certain by computation, Rule 55(b)(2), Federal Rules of Civil Procedure, requires a default judgment be entered by the Court, with damages to be determined at trial. Default judgment is proper where: (1) a defendant properly served with a summons and complaint fails to appear or otherwise defense within the time permitted by law; (2) the moving party has established the fact of such failure; (3) the defendant is not an infant or incompetent person; and (4) a default has been entered against the defendant. See Rule 55(a) and (b), Federal Rules of Civil Procedure.

Defendants were properly served with process and notice of this action as detailed in the confirmations of receipt of notice of action on Defendants which were filed with this Court on May 18, 2015 (Docs. 11 and 12). Defendants have failed to appear or otherwise defend in this action within the time permitted for their answers or other responsive pleadings. Defendants are

foreign business entities, and neither Defendant is a natural person, minor nor incompetent. The Clerk entered Defendants' defaults on September 30, 2015 (Docs. 17 and 18).

As noted above and in Plaintiff's Complaint, Plaintiff's claims for compensatory damages are not for a sum certain and Plaintiff hereby requests a trial pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure to establish her entitlement and to quantify damages.

**CONCLUSION**

In accordance with the foregoing, Plaintiff respectfully requests that the Court enter a judgment by default against Honesty Ocean Shipping Corp. as owner of M/V HONESTY OCEAN and Tosco Keymax International Ship Management Co., Ltd., as owner *pro hac vice* of M/V HONESTY OCEAN, Defendants, and schedule a trial to determine damages.

Dated April 8, 2016.

Respectfully submitted,

/s/ David F. Pope

David F. Pope – FBN 164452
service-dpope@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066

Attorneys for Plaintiff, Jo Ann Gilmore

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of filing to all counsel of record. A copy has been sent by US First Class Mail to Honesty Ocean Shipping, c/o Tosco Keymax, 29 Zhejiang All, Tianjim 300461 China and Tosco Keymax International Ship, 29 Zhejian, Tianjin 300450, China.

David F. Pope - FBN: 164452